JS - 6
cc: see G - 75 attached

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 08-1466 DOC (RZx)                                    Date: February 9, 2008
  (Orange County Superior Court No.: 30-2008-00115162)

Title: BRIAN LANGE V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AND DOES 1 THROUGH 10, INCLUSIVE

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                          Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                     Not Present
   Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                           NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER TO REMAND

        Before the Court is Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal of Action. For the reasons stated below, the Court hereby REMANDS the action.

**I. Factual Background**

        On November 21, 2008. Plaintiff Brian Lange ("Plaintiff") filed his Complaint in Orange County Superior Court against Defendant State Farm Mutual Automobile Insurance Company ("Defendant') alleging Defendant breached their contract and the duty of good faith and fair dealing. Plaintiff alleges that after he caused extensive damage to his car, Defendant failed to authorize repair charges in accordance with the parties insurance policy at the repair center of Plaintiff's choice. Plaintiff further alleges that the final estimate to repair his car from his preferred repair center is

$45,000.

On December 30, 2008, Defendant filed a Notice of Removal alleging the Court has subject matter jurisdiction over the claim as the amount in controversy will exceed $75,000 per the requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Defendant argues the amount in controversy will exceed $75,000 because Plaintiff seeks punitive damages and attorneys fees in addition to the $45,000 for car repair.

## II. Legal Standard

Under 28 U.S.C. § 1447(c), the Court must remand a case "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction...."  The burden of establishing subject matter jurisdiction falls on defendants, as the party seeking removal.  *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984).  Moreover, the removal statute is "strictly construed against removal jurisdiction."  *Id*.

## III. Discussion

The Court remands this case because it does not meet the amount in controversy required for diversity jurisdiction and thus lacks subject matter jurisdiction.

A federal court can assert subject matter jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different States...."  28 U.S.C. § 1332.  When the amount in controversy depends largely on alleged punitive damages, the court "will scrutinize a claim...more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed."  *McCorkindale v. American Home Assurance Co.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995).

Whether punitive damages are sufficient to meet the amount in controversy requirement is a two-part test.  *Wiemers v. Good Samaritan Society*, 212 F. Supp. 1042, 1047 (N.D. Iowa 2002).  First, punitive damages must be available as a matter of state law.  *Id.*  Secondly, the court inquires "whether the amount of punitive damages will more likely than not exceed the required amount in controversy."  *Id.*  Because the original claim was filed in Superior Court of the State of California, an examination of whether punitive damages are available to the Plaintiff in California is appropriate.  As noted by a California Court of Appeal, there are no "California case[s] allowing punitive damages when the complaint is based *only* on a contract theory of action."  *Frazier v. Metropolitan Life Insurance Co.*, 214 Cal. Rptr. 883, 892 (Ct. App. 1985).  Rather, only when "the action proceeds under alternate tort theories in addition to a contract action, then punitive damages may be awarded...."  *Id*.

In this case, the amount in controversy is not satisfied.  Defendant alleges that the amount in controversy is satisfied because Plaintiff seeks punitive damages and attorneys fees.

Because Plaintiff's complaint only alleges contractual causes of action, punitive damages would not be afforded under California case law.  Consequently, because punitive damages cannot be included in the amount in controversy, the amount in controversy in this claim cannot in good faith be alleged to exceed $75,000.  Thus, because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332, the requirements for diversity jurisdiction are not satisfied and the Court does not have subject matter jurisdiction.[1]

**IV. Disposition**

For the foregoing reasons, the Court finds it lacks subject matter jurisdiction per 28 U.S.C. § 1332 and REMANDS the claim.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Because punitive damages are not available in breach of contract claims in California, it is unnecessary to determine "whether the amount of punitive damages will more likely than not exceed the required amount in controversy." *Wiemer*s, 212 F. Supp. at 1047.